UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SHANKAR,<br><br>        Plaintiff,<br><br>    v.<br><br>SANTA RITA JAIL,<br><br>        Defendant.<br>_____/ | No. C-15-0444 EMC (pr)<br><br>**ORDER REMANDING CASE TO STATE COURT** |

Sherry Shankar filed this *pro se* civil action in San Mateo Count Superior Court. Defendant removed the action, stating in its notice of removal that the "complaint alleges one or more claims arising under federal law, specifically one or more claims arising under 42 U.S.C. section 1983, for violation of the First, Fifth, Eight and Fourteenth Amendments to the United States Constitution." Docket # 1 at 1. Defendant later backtracked in its motion to dismiss, asserting that, "[b]ased on plaintiff's claim that certain conduct 'violated her civil rights,' the *County presumes that she wishes to assert* a 42 U.S.C. § 1983 claim." Docket # 7 at 3 (emphasis added).

A review of the complaint discloses that it does not cite to 42 U.S.C. § 1983, any other federal statute, the U.S. Constitution or any amendment to the U.S. Constitution. Plaintiff mentioned the phrase "civil rights" in her state court complaint, *see* Docket # 3 at 6, 9, but civil rights are protected under both federal and state law so her use of the phrase "civil rights" in her complaint does not compel a conclusion that she has presented a federal question. *See generally Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("That the same facts could have been the basis for a Title VII claim does not make Rains' wrongful termination claim into a federal cause of action. Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so.") On its face, the complaint does not present a federal question. Plaintiff is

the master of her complaint and her choice not to sue under § 1983 cannot be overridden by Defendant's liberal construction of the complaint which does not actually allege a federal question. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 & n.7 (1987) ("'Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.'")

The removal also was not timely because it was not filed within the required "30 days after receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). According to the "proof of service of summons," the complaint was served on Defendant on December 30, 2014, Docket # 3 at 4, but the notice of removal was not filed until 31 days later, on January 30, 2015, Docket # 1. Indeed, the notice of removal was not complete until three days later (on February 2, 2015), when Defendant filed the required "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

The action was not properly removed because the complaint did not present a federal question and the notice of removal was not timely filed. The action belongs in state court.

Accordingly, this action is remanded to the San Mateo County Superior Court. The clerk shall send the necessary materials to the San Mateo County Superior Court for the remand and then shall close the file. All pending motions are DENIED as moot.

Finally, the clerk shall update the docket to show an additional address for Plaintiff: Sherry Shankar, 2312 Elliott Street, San Mateo, CA 94403. The clerk shall add that address to the other address for Plaintiff on the Court's docket and send a copy of this order to Plaintiff at both addresses.

IT IS SO ORDERED.

Dated: May 13, 2015

_____
EDWARD M. CHEN
United States District Judge